## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

L.W., a minor, by and through their parent,
C.W.; K.S., a minor, by and through their
parent, M.S.; A.K. a minor, by and through
their parent, J.K.; W.M., a minor, by and
through their parent, S.M.; L.B., a minor, by
and through their parent, B.B.; T.J., a minor,
by and through their parent, M.L.; A.M., a
minor, by and through their parent, M.M.,

        Plaintiffs,

        v.

CANON-MCMILLAN SCHOOL DISTRICT,
a Pennsylvania governmental entity,
MANUEL PIHAKIS, PETE MONIODES,
DARLA BOWMAN-MONACO, MICHAEL
CAPORIZZO, ZEFFIE CARROLL, MARK
DOPUDJA, JOSEPH ZUPANCIC, MARY
BETH KLINE, and BERNARD PRICE all
individual elected officials sued in their
individual capacity and in their capacity as
members of the CANON-MCMILLAN
SCHOOL DISTRICT BOARD OF SCHOOL
DIRECTORS, a Pennsylvania elected
legislative body, MR. MICHAEL DANIELS,
Superintendent of the CANON-MCMILLAN
SCHOOL DISTRICT,

        Defendants.

Civ. No. 2:21-cv-1136

## COMPLAINT FOR INJUNCTIVE RELIEF

    Above named Plaintiffs ("Plaintiffs"), by and through undersigned counsel, Alexander

Saksen, Esquire, and the law firm of Goldberg, Kamin, and Garvin, LLP, and hereby file this

Complaint for Injunctive Relief against Defendants Canon-McMillan School District ("CMSD"),

CMSD School Superintendent Michael Daniels, Manuel Pihakis, Pete Moniodes,  Darla Bowman-

Monaco, Michael Caporizzo, Zeffie Carroll, Mark Dopudja, Joseph Zupancic, Mary Beth Kline,

and Bernard Price, all individual elected officials sued in their individual capacity and in their capacity as members of the Canon-McMillan School District Board of School Directors (the "School Board" and, collectively with other Defendants, "Defendants"). In support of the claims set forth herein, Plaintiffs allege and aver as follows:

## INTRODUCTION

1.      Earlier this Summer the CMSD approved a Health and Safety Plan. Passage of this Health and Safety Plan was a prerequisite to obtaining another round of funding under the American Rescue Plan, section 2001(i)(1).

2.      The CMSD approved that Health and Safety Plan on June 24, 2021.

3.      That Health and Safety Plan established the status quo in the CMSD, which included, in part, a fluid COVID policy of following established science in considering and implementing changes to the Health and Safety Plan as COVID data developed.

4.      Developments in Washington County, in the Commonwealth, and nationally since CMSD implemented the Health and Safety Plan demand CMSD amend its Health and Safety Plan to require universal masking in all CMSD buildings.

5.      Despite this, Defendants have arbitrarily and capriciously declined to implementing universal masking to protect CMSD students, staff, and visitors.

6.      Defendants' failure to amend its policies to reflect present COVID data acts to violate Plaintiff's due process and equal protection rights, including rights of Plaintiffs and others in the CMSD that have disabilities that leave them immunocompromised and unable to attend school without a universal masking policy.

7.      The first day of school for all CMSD students is today, **August 26, 2021**. As such, the immediacy of the harm Defendants caused by its wanton conduct and capricious failure to act

consistent with established and current COVID data is immediate.

8.      Failure to grant injunctive relief to protect CMSD students would both endorse Defendants' baseless changing of the status quo for COVID mitigation efforts would endorse such constitutional violations.

9.      As such, Plaintiffs ask this Court to immediately enter a Temporary Restraining Order on an emergency basis, and ultimately grant Plaintiff's a Preliminary Injunction to enjoin the Board from enforcing its mask-optional policy on its website on August 24, 2021, and to restore the *status quo* that the Board created when it approved the Health and Safety Plan promising to follow the science.

## PARTIES

10.     Plaintiff L.W. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff L.W. is and was at all times relevant hereto a student at a CMSD public school.

11.     Plaintiff C.W. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff C.W. is the parent of Plaintiff L.W.

12.     Plaintiff K.S. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff K.S. is and was at all times relevant hereto a student at a CMSD public school.

13.     Plaintiff M.S. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff M.S. is the parent of Plaintiff K.S.

14.     Plaintiff A.K. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff A.K. is and was at all times relevant hereto a student at a CMSD public school.

15.     Plaintiff J.K. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff J.K. is the parent of Plaintiff A.K.

16.     Plaintiff W.M. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff W.M. is and was at all times relevant hereto a student at a CMSD public school.

17.     Plaintiff S.M. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff W.M. is the parent of Plaintiff S.M.

18.     Plaintiff L.B. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff L.B. is and was at all times relevant hereto a student at a CMSD public school.

19.     Plaintiff B.B. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff B.B. is the parent of Plaintiff L.B.

20.     Plaintiff T.J. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff T.J. is and was at all times relevant hereto a student at a CMSD public school.

21.     Plaintiff M.L. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff M.L. is the parent of Plaintiff T.J.

22.     Plaintiff A.M. is a minor child who resides in the CMSD, in Washington County, Pennsylvania.  Plaintiff A.M. is and was at all times relevant hereto a student at a CMSD public school.

23.     Plaintiff M.M. is an adult individual who is a resident and taxpayer in the CMSD, in Washington County, Pennsylvania.  Plaintiff M.M. is the parent of Plaintiff A.M.

24.     Defendant CMSD is a municipal organization made up of 9 individual school

directors residing and conducting business in Washington County, Pennsylvania.

25.     Defendant School Board is an elected school board residing and conducting business in Washington County, Pennsylvania.

26.     Defendant Michael Daniels is a Washington County resident and Superintendent of the CMSD.

27.     Defendant Manuel Pihakis is a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

28.     Defendant Pete Moniodes is a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

29.     Defendant Darla Bowman-Monaco is a Washington County resident and former member of the School Board, sued here in her individual and representative capacity.

30.     Defendant Michael Caporizzo was, at all relevant times, a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

31.     Defendant Zeffie Carroll is a Washington County resident and member of the School Board, sued here in her individual and representative capacity.

32.     Defendant Mark Dopudja is a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

33.     Defendant Joseph Zupancic at all relevant times, a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

34.     Defendant Mary Beth Kline is a Washington County resident and member of the School Board, sued here in her individual and representative capacity.

35.     Defendant Bernard Price is a Washington County resident and member of the School Board, sued here in his individual and representative capacity.

## JURISDICTION AND VENUE

36.     Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein.

37.     This Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §1331, 28 U.S.C. §§1343(a)(3), (4), and 42 U.S.C. §1983.

38.     There exists an actual and justiciable controversy between Plaintiffs and Defendant requiring resolution by this Court.

39.     Plaintiffs have no adequate remedy at law.

40.     Venue is proper before the United States District Court for the Western District of Pennsylvania under 28 U.S.C. §1391 because all parties reside or otherwise are found herein, and all acts and omissions giving rise to Plaintiffs' claims occurred in the Western District of Pennsylvania.

## FACTS

41.     Plaintiffs incorporate the foregoing paragraphs as is set forth in full herein.

**A.      CMSD and the Board of Directors**

42.     CMSD is the largest School District in Washington County.

43.     Michael Daniels is the Superintendent of CMSD, a position he has held since 2012.

44.     Its School Board is comprised of these nine individuals: Manuel Pihakis, Pete Moniodes,  Darla Bowman-Monaco, Michael Caporizzo, Zeffie Carroll, Mark Dopudja, Joseph Zupancic, Mary Beth Kline, and Bernard Price.

45.     Defendant Manuel Pihakis Pihakis was a physical education teacher and athletic director at CMSD.  Mr. Pihakis holds a degree in health and physical education from Indiana University in Bloomington, Indiana.  Mr. Pihakis has no medical or relevant scientific education, training, or work experience.

46.     Defendant Pete Moniodes currently works for NCR.  Upon information and belief, Mr. Moniodes has no medical or relevant scientific education, training, or work experience.

47.     Defendant Darla Bowman-Monaco served the CMSD as an administrative assistant and is currently retired. Ms. Bowman-Monaco has no medical or relevant scientific education, training, or work experience.  Ms. Bowman-Monaco recently resigned from the School Board, but was a member at all relevant times.

48.     Defendant Michael Caporizzo was a music teacher with CMSD and is currently retired.  He holds a bachelor's in music education and a master's in music education from Duquesne University.  Upon information and belief, Mr. Caporizzo has no medical or relevant scientific education, training, or work experience.  Mr. Caporizzo recently resigned from the School Board, but his resignation has not been accepted.  Upon information and belief, Mr. Caporizzo recently rescinded his resignation, thus his status is undetermined at this time.

49.     Defendant Zeffie Carroll is an English teacher within the Carlyton School District.  She holds a bachelor's degree in English and a master's degree in education.  Ms. Carroll has no medical or relevant scientific education, training, or work experience.

50.     Defendant Mark Dopudja is or was a paraprofessional with CMSD.  Mr. Dopudja has no medical or relevant scientific education, training, or work experience.

51.     Defendant Joseph Zupancic is a practicing attorney.  He holds a bachelor's degree in Government and a JD from University of Pittsburgh Law School. He has no medical or relevant scientific education, training, or work experience.

52.     Defendant Mary Beth Kline works for Deloitte.  Ms. Kline has no medical or relevant scientific education, training, or work experience.

53.     Defendant Bernard Price who, upon information and belief, has no medical or

7

relevant scientific education, training, or work experience.

54.     Defendant and Superintendent Michael Daniels has, upon information and belief, no medical or relevant scientific education, training, or work experience.

55.     As Superintendent, Mr. Daniels is charged with the administration of CMSD.

**B.     The Medical and Scientific Issue of COVID Mitigation is Politicized in the CMSD.**

56.     Shortly before a CMSD School Board meeting in August 2021, parents in the school district were asked to voice their opinions regarding CMSD implementing a universal masking policy.

57.     Of the 56 responses, 50 parents supported a universal masking policy while only 6 opposed universal masking in CMSD schools.

58.     As has been happening throughout the nation, the vast minority of parents that oppose universal masking have engaged in a protracted strategy of harassment, public humiliation, baseless threats of lawsuits, and threats against Defendants in order to override the opinion of an overwhelming majority of CMSD parents and students.

59.     As a result of these threats, Defendant Bowman-Monaco recently resigned from the School Board for fear of personal reprisals and threats on his personal safety.

60.     Just this week, Defendant  Caporizzo  resigned from the School Board for, upon information and belief, fear of personal reprisals and threats on his personal safety, but that resignation has not been accepted.  Upon information and belief, Mr. Caporizzo has recently rescinded his resignation.  Based on local election rules, it is undetermined what his status on the School Board is at the moment.

61.     In sum, then, and due to the ongoing harassment and threats made against School Board members in an attempt to convince them to continue to make masks optional, two out of

nine CMSD School Board have resigned and/or considered resignation in the past several weeks.

62.     These resignations prove the success of the minority of parent's strategy, but are entirely undemocratic, frustrate the CMSD system, and – alone – warrant court intervention.[1]

63.     These resignations are proof positive of Defendants' negligent and capricious COVID mitigation and student protection measures that ignore the science in favor of protecting each's own individual irresponsibility and solidifying collection of federal funds based on the prerequisite of a Health and Safety Plan that Defendants had no intention of amending to comport with current data.

64.     The CMSD website states "[t]he mission of the Canon-McMillan School District, in partnership with the community, is to teach, to challenge, to motivate, and to support all students to maximize their full individual potential.  *See* Home - Canon-McMillan School District (schools.bz), visited on August 25, 2021.

65.     Moreover, Superintendent Daniels, in his message to parents and students admitted, "Many parents were in attendance to voice their concerns regarding the current Health and Safety Plan. It was reported that the Health & Safety Plan was discussed but there was no Board action taken to revise the current plan."   Superintendent - Canon-McMillan School District (cmsd.k12.pa.us), visited on August 25, 2021.

66.     According to the Board Policy Manual,

To promote student growth and achievement, an effective School Board…

1.  Advocates for a thorough and efficient system of public education by:

---

[1] Note, Ms. Bowman-Monaco and Messrs. Caporizzo and Zupancic are Defendants here, though Plaintiffs submit each could explore their own civil rights action.  As such, any claims by those two gentlemen are not part of this lawsuit and they are sued in the former official capacities as well as individually for their failure to comply with the status quo set by the School Board earlier this summer.

….

b. Engaging and promoting community support by seeking input, building support networks and generating action. …

d. Maintaining legislative awareness and communicating with members of local, state and federal legislative bodies.

e.   Employing   qualified   staff   to   meet   student   and   program   needs.

2. Models responsible governance and leadership by:

a.   Staying  current  with  changing  needs  and  requirements  by  reviewing educational literature, attending professional development opportunities prior to Board service and continuously during Board service, and preparing to make informed                                                                                           decisions.
f. Complying with Board policy and all applicable local, state and federal laws and regulations.

3. Governs through policy by:
a. Seeking  input  from  stakeholders  and  following  an  established  procedure  for consideration.
b. Regularly reviewing and, as necessary, revising and adopting Board policy.
c. Delegating  to  the  Superintendent  responsibility  for  implementation  of  Board policy.

**Code of Conduct for School Board Members**
We, as members of our local Board of Education, representing all the residents of our school district, believe that:
a. Striving  toward  ideal  conditions  for  effective  School  Board  service  to  our community, in a spirit of teamwork and devotion to public education, is the greatest instrument  for  preserving  and  perpetuating  our  representative  democracy.

*See* Board Policy, Section 000, Code 11, attached hereto as **Exhibit A**.

67.      On August 23, 2021, and contrary to the CMSD approved Health and Safety Plan,

CMSD reiterated its intent to retain the "mask optional" on the even of the first day of school.  *See*

Health and Safety Plan Update, August 23, 2021, attached as **Exhibit B**.

**C. Communication of the District's Health and Safety and Education Plans to District Families**

68.      Effective June 25, 2021, the CMSD approved a Health and Safety Plan required to

10

receive funding by the American Rescue Plan.  *See* Tentative Plan, attached as **Exhibit C**.

69.     As families in the CMSD made decisions regarding their children's education,

Plaintiffs and other relied on the Health and Safety Plan making that decision.

70.     The Health and Safety Plan, then, set the status quo for the CMSD 2021-2022

response to the threat of COVID.

71.     Amongst other items, the Health and Safety Plan promised families:

*The school district will continually review and monitor guidance from PDE, PADOH, and CDC.  The district has detailed in the table below the  prevention and mitigation strategies that provide appropriate prevention given the current conditions. If conditions or guidance changes the district will update the Health and Safety plan as needed.*

**Exhibit C**, p. 3.

72.     This provision not only promises families the CMSD will follow established

science as it develops, but also covenants to "update the Health and Safety Plan as needed." *Id.*

73.     With respect to children with disabilities, including some Plaintiffs, the Health and

Safety Plan promised that it would "provide appropriate accommodations in compliance with state

and federal for students and staff who have disabilities."  *Id.* at p. 6.

74.     The Board Member Defendants approved this Health and Safety Plan on June 24,

2021 with a unanimous vote.  *Id.* at p. 7.

### D. COVID-19 Cases Begin Spiking in Washington County; National, Commonwealth, and County Health Agencies Recommend Universal Masking in K-12 Schools

75.     By late-July, Washington County was beginning to experience a surge in cases,

which health experts were attributing to the highly contagious Delta variant.

76.     When Defendants passed the Health and Safety plan, the 7-dy average of new

COVID diagnoses in Washington County was 3.  Washington County, Pennsylvania coronavirus

cases and deaths | USAFacts, visited on August 25, 2021.

77.     On August 23, 2021, that seven day average was 50 cases, or more than 16 times the number of cases when the Health and Safety Plan was passed.  *Id.*

78.     This spike was attributable to several factors:

- The highly contagious Delta variant;

- A spike in cases amongst school age children; and

- Cases being reported in vaccinated individuals.

79.     By August 17, 2021, Washington County's COVID status had been elevated to "high" infection rate, a substantial spike from the "moderate" rating the County enjoyed in late June when the CMSD voted to approve the Health and Safety Plan.  CDC COVID Data Tracker, visited August 25, 2021.

80.     At present, the Washington County website recommending younger people in the community wear masks.  COVID-19 Info | Washington County, PA - Official Website, visited on August 25, 2021.

81.     Per the New York Times COVID Tracker:

Cases have increased recently and are **very high**. The number of hospitalized COVID patients has also risen in the Washington County area. Deaths have remained at about the same level. The test positivity rate in Washington County is high, suggesting that cases may be undercounted.  Because of high spread, the C.D.C. recommends that even vaccinated people wear masks here.

*See* Washington County, Pennsylvania COVID Case Tracker - The New York Times (nytimes.com), visited on August 25, 2021.

82.     As a result of these spikes, the CDC recommended in areas where the contraction level was substantial, the CDC recommends all individuals, regardless of vaccination status, wear

masks indoors. *See* Coronavirus Transmission 'Substantial' In Washington County: CDC | Cranberry, PA Patch, article dated August 4, 2021.

83. The Pennsylvania Department of Health stated:

> Given new evidence on the B.1.617.2 (Delta) variant, the CDC has updated the guidance for fully vaccinated people. CDC recommends universal indoor masking for all teachers, staff, students, and visitors to K-12 schools, regardless of vaccination status.

CDC Guidance and Information (pa.gov), visited on August 25, 2021.

84. Plaintiffs made their enrollment selections based on the District's stated commitment to monitoring the COVID-19 pandemic and adjusting the Back to School Plan to require masks based on the referenced data points and consultation with the Department of Health and CDC.

85. On July 27, 2021 the CDC "recommend[ed] universal indoor masking for all teachers, staff, students, and visitors to schools, regardless of vaccination status." https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html.

86. On August 4, 2021, the CDC stated, "Due to the circulating and highly contagious Delta variant, CDC recommends universal indoor masking by all students (age 2 and older), staff, teachers, and visitors to K-12 schools, regardless of vaccination status." https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html.

87. The Pennsylvania Department of Education and the Washington County Health Department aligns themselves with the CDC's universal mask recommendations. *See* https://www.education.pa.gov/Schools/safeschools/emergencyplanning/COVID-19/SchoolReopeningGuidance/ReopeningPreKto12/CDCGuidanceInf; *see also supra.*

88. Despite the data spiking from moderate to high over the past month, CMSD failed

to keep its promise to maintain the status quo that it would follow the science and change its mask policy as required by CDC, Pennsylvania Department of Health, and local data.  **Exhibit C**, p. 4-5.

89.     By not reacting to the dramatic spike in COVID cases, CMSD and the individual Defendants disrupted the status quo set on June 24, 2021.

**E. Defendants Failed to Demonstrate a Basis for Changing the Status Quo made effective July 20, 2021.**

90.     Despite the dramatic spike in Washington County COVID cases, which CMSD promised would trigger a change in policy, Defendants continue to avoid a universal masking policy unless and until a mandate is put in effect by Commonwealth or federal authorities.

91.     In so doing, they provided no information from any local, Commonwealth, or national health agency to support their decision to ignore the CDC, Pennsylvania Department of Health, and Washington County Health Department.

92.     They did not provide any evidence that masking would undermine or prevent the District from achieving its goal of maximizing in-person instruction while protecting staff and students, or that optional masking was a more effective way to achieve this goal.

93.     They did not present any evidence that masking would harm any student or staff member.

94.     They did not state that any physician supported this course.

95.     Conversely, and in addition to the authorities Defendants promised to follow, no fewer than six physicians wrote an open letter to school administrators in Western Pennsylvania that follows the "guidance from the Centers for Disease Control (CDC) and the American Academy of Pediatrics."  *See* August 22, 2021 Letter, attached hereto as **Exhibit D**.

96.     The letter advises "[o]ptional masking will risk outbreaks in schools and will force greater numbers of students into quarantine."  *Id.*

97.     The letter also confirms "there is still time to change."  *Id.*

98.     Other physicians followed suit.  *See* Physician Letter, attached hereto as **Exhibit D**.

99.     N**inety-three** medical professionals singed the letter, including without limitation, "30 family med docs, 2 palliative doctors, 7 pediatricians, 3 kidney doctors, 4 OB/GYN, 2 cardiologists, 1 pulmonary/critical care doc, 1 FM doc with a masters in public health, 2 urgent care/ER docs, 1 infectious disease doc, 1 cardiothoracic surgeon, 1 urologist, and 5 nurse practitioners."

100.    Nearly 100 physicians agree: masks work.  *Id.*

**F. CMSD' New Decision to Ignore Science Causes Irreparable Harm to Students, Staff, and Community, Who Are at Increased Risk of Developing COVID-19 and to Students Who Are At Risk of Losing Critical In-Person Instruction Time.**

101.    CMSD's first day of school is August 26, 2021.

102.    By September 23, 2021, the date of the next announced Board meeting where policies can change, students and staff will have spent twenty-one school days unmasked in close proximity to one another.

103.    The Delta variant of COVID-19 can be transmitted very well even by vaccinated individuals.

104.    Thus, 100% of CMSD students, staff, and visitors are capable of transmitting COVID-19 to one another or to somebody else in the community.

105.    COVID can be transmitted into mucous membranes, including the eyes, so children wearing masks in rooms with unmasked individuals (despite vaccination status) are at risk for

infection.

106.    Medical studies demonstrate that if a child is wearing a mask, she is protecting those around her in case she has COVID but is only minimally protected if someone around her is unmasked and has COVID.

107.    Under the current policy of optional masking, the Delta variant of COVID will spread throughout the school district and into the community at large.

108.    There are no health risks to wearing masks, and there is no evidence that masks affect a child's ability to focus or learn in school.

109.    Immediate and irreparable injury, loss, or damages will result if universal masking is not required for all CMSD students and employees.

110.    Without universal masking, children, teachers, and/or staff could suffer serious illness or death.

**COUNT I - 42 U.S.C. §1983 - Violation of Procedural Due Process (5th and 14th Amendments)
Against All Defendants**

111.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

112.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

113.    In the instant case, Defendants unquestionably act under the color of state law.

114.    Each Individual Defendant is an elected, voting member of the CMSD School Board.

115.    Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law. U.S. Const. Ann., Amendment V.

16

116.    The Fourteenth applies the protections of the Fifth Amendment to state actors. U.S. Const. Ann., Amendment XIV.

117.    Plaintiffs have constitutionally protected rights to a safe public school setting that is free to communicable and deadly diseases to the greatest extent possible.

118.    Without a universal masking policy, Plaintiffs are being deprived of the benefits that come from the mask policy that was rescinded, including the ability to pursue a safe and healthy education.

119.    Defendants' failure to follow its previous Health and Safety Plan, which states CMSD will make alterations to react to increased COVID transmissions unlawfully deprives Plaintiffs of these and other constitutionally-protected interests without due process of law.

120.    Defendants provided no hearing, notice, or opportunity to be heard on the Health and Safety Plan's fluidity, as specifically defined therein (**Exhibit B**) in light of the very change in circumstances it promised to monitor and adapt to provide a safe school environment,

121.    Plaintiffs were harmed and continue to be harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

**COUNT II - 42 U.S.C. §1983 - Violation of Substantive Due Process (Fourteenth Amendment) – Against All Defendants**

122.    Plaintiffs incorporate the foregoing paragraphs as if set forth in full herein.

123.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

124.    In the instant case, Defendants unquestionably acted under the color of state law.

17

125.    Each Individual Defendant is an elected, voting member of the CMSD School Board.

126.    Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment.

127.    Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts and omissions, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

**COUNT III – 42 U.S.C. §1983 – Right to Free Association (First Amendment)**
**Against All Defendants**

128.    Plaintiffs incorporate the above averments as if set forth in full herein.

129.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

130.    Defendants deprived Plaintiffs of the right of free association guaranteed by the First Amendment of the United States Constitution. Plaintiffs can no longer associate safely, or potentially at all, because of Defendant's rescission of the mask policy, yet they are required under compulsory education laws to attend school.

131.    Defendant's actions have placed Plaintiffs in the Hobson's Choice of ensuring their safety in an ongoing pandemic and receiving the federally protected education guaranteed to all children K-12 in the United States.

132.    Deprivation of this federally protected right violates the United States

Constitution's First Amendment.

133.    Plaintiffs were harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death.

**COUNT IV – 42 U.S.C. §1983 – Equal Protection of Disabled Students and Families**
**(Fourteenth Amendment and Americans with Disabilities Act)**
**Against All Defendants**

134.    Plaintiffs incorporate the above averments as if set forth in full herein.

135.    In order establish a claim under section 1983 of the Civil Rights Act, a plaintiff must prove a Defendant: (a) acted under the color of state law; (b) proximately causing; (c) the Plaintiff to be deprived of a federally protected right.  42 U.S.C. §1983.

136.    In the instant case, Defendants unquestionably acted under the color of state law.

137.    Each Individual Defendant is an elected, voting member of the CMSD School Board.

138.    Under the Fourteenth Amendment to the Constitution, and as established by state law including the state created danger doctrine, Plaintiffs have a fundamental right to a public education and to an education in a safe and healthy environment.

139.    Depriving a student of access to this right because of a qualified disability is a violation of the Americans with Disabilities Act ("ADA").

140.    Multiple Plaintiffs are disabled under the ADA that have disabilities under the ADA that render them immunosuppressed and significantly more susceptible to contracting COVID.

141.    Still more Plaintiffs live in homes with siblings and/or caregivers (including Plaintiff parents) that have disabilities under the ADA that render them immunosuppressed and

significantly more susceptible to contracting COVID.

142.    By not providing a safe environment in which to attend school without an increased risk of a COVID outbreak (**Exhibit C**) that will likely infect Plaintiff and/or their siblings, parents, and other caregivers, Defendants are denying Plaintiffs access to a school, unquestionably a place of public accommodation within Defendants' control (**Exhibit A**).

143.    A policy that violates the ADA and Equal Protection Clause of the Fourteenth Amendment causes Plaintiffs irreparable harm by denying them access to a public school education.

144.    Defendants' policy that does not institute a universal masking policy requires certain Plaintiffs to enroll in cyber academies and/or be home-schooled.  This form of education deprives Plaintiffs of services under 504 plans and IEPs that are otherwise provided to other CMSD students, thus working a further immediate and irreparable discriminatory effect.

145.    Similarly, Defendants' policy prevents disabled individuals from the socialization and community therapy because they are not permitted to attend schools as a result of their disability and is thus a further Fourteenth Amendment violation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

a.    Assume jurisdiction of this action;

b.    Implement a universal masking policy consistent with CDC, Pennsylvania Department of Health, and Washington County Department of Health recommendations that CMSD covenanted to follow on July 20, 2021.

c.    Enjoin CMSD from taking any action contrary to the CDC and Pennsylvania Department of Health recommendations.

d.    Enjoin CMSD from making face coverings optional at any point before vaccinations are available to all students enrolled in any program in a CMSD

building, including pre-K programs.

e.     Enjoin CMSD from any further policies discriminating against individuals with disabilities.

f.      Temporarily restrain, as well as preliminarily and permanently enjoin Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from rescinding a universal mask policy; and

g.     Grant such other and further relief as may be just, equitable, and proper including without limitation, an award of attorneys' fees and costs to Plaintiffs.

Respectfully submitted,

GOLDBERG, KAMIN, GARVIN, LLP


_/s/ Alexander W. Saksen_
Alexander W. Saksen
PA ID No. 86049
1806 Frick Building
437 Grant Street, 18th Floor
Pittsburgh, PA 15237
alexanders@gkattorneys.com
_Counsel for Plaintiffs_

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Complaint was served by e-mail on this 26th day of August 2021, addressed to the below parties and counsel:

CMSD SOLICITOR
Weiss Burkhardt & Kramer
c/o Ira Weiss, Esq.
445 Fort Pitt Blvd
Pittsburgh, PA 15219
 iweiss@wbklegal.com

MEMBER PIHAKIS
pihakism@cmsd.k12.pa.us

MEMBER MONIODES
moniodespe@cmsd.k12.pa.us

MEMBER BOWMAN-MONACO
Bowmand@cmsd.k12.pa.us

FORMER MEMBER CAPORIZZO
caporizzom@cmsd.k12.pa.us

MEMBER CARROLL
carrollz@cmsd.k12.pa.us

MEMBER DOPUDJA
dopudjam@cmsd.k12.pa.us

FORMER MEMBER ZUPANCIC
zupancicj@cmsd.k12.pa.us

MEMBER KLINE
klinem@cmsd.k12.pa.us

MEMBER PRICE
priceb@cmsd.k12.pa.us

SUPERINTENDENT DANIELS
danielsm@cmsd.k12.pa.us


*/s/ Alexander W. Saksen*
Alexander W. Saksen