IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.W., a minor, by and through their parent, C.W.; K.S., a minor, by and through their parent, M.S.; A.K. a minor, by and through their parent, J.K.; W.M., a minor, by and through their parent, S.M.; L.B., a minor, by and through their parent, B.B.; T.J., a minor, by and through their parent, M.L.; A.M., a minor, by and through their parent, M.M., <br><br>      Plaintiffs, <br><br>v. <br><br>CANON-MCMILLAN SCHOOL DISTRICT, a Pennsylvania governmental entity, MANUEL PIHAKIS, PETE MONIODES, DARLA BOWMAN-MONACO, MICHAEL CAPORIZZO, ZEFFIE CARROLL, MARK DOPUDJA, JOSEPH ZUPANCIC, MARY BETH KLINE, and BERNARD PRICE all individual elected officials sued in their individual capacity and in their capacity as members of the CANON-MCMILLAN SCHOOL DISTRICT BOARD OF SCHOOL DIRECTORS, a Pennsylvania elected legislative body, MR. MICHAEL DANIELS, Superintendent of the CANON-MCMILLAN SCHOOL DISTRICT, <br><br>      Defendants. | Case No. 21-cv-1136-MJH |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

This matter is before the Court upon Plaintiff's *Ex Parte* Application for the following: 1) a temporary restraining order to maintain the status quo by following its July 2021 Health and Safety Plan; 2) a temporary restraining order enjoining Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from implementing or enforcing an alternative to the universal masking policy and from taking any

other action to rescind that policy that is not in compliance with applicable law; 3) an order to show cause why a preliminary injunction should not issue; and 5) an order authorizing expedited discovery against the Defendants. The School District started school yesterday on August 25, 2021, thus the need to file and present this motion today, since irreparable harm will occur without immediate relief.

Plaintiffs, move *ex parte* pursuant to 15 U.S.C. § 1116, Federal Rules of Civil Procedure 64 and 65, and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order requiring universal masking of the students and employees while Washington County is in the "high" category for rate of Covid-19 infections. Because Plaintiff has satisfied the requirements for the issuance of a temporary restraining order, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said Motion is GRANTED.

## PRELIMINARY STATEMENT

The School Board approved a Health and Safety Plan in July 2021 that called for a fluid face covering policy in Canon-McMillan Schools. Since approving that Policy, Washington County's COVID infection rates and federal and Commonwealth health authorities, including the Center for Disease Control and the Pennsylvania Department of Health recommend face coverings in all schools, regardless of vaccination status.

Defendants' failure to follow the Health and Safety Plan violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment, and the Americans with Disabilities Act because the resulting decision was arbitrary, capricious, and based on ignorance without inquiry into fact.

Failure to implement such a policy will irreparably harm Plaintiffs by needlessly exposing every school child to the possible virus infection, as well as the community, harms that can be

easily minimized or avoided by wearing a mask.

The entry of a Temporary Restraining Order is in the public interest, and will not harm the children, adults, or the community. It will provide an opportunity to gather scientific and medical information as well as a measured review of this critical health and safety issue to allow Defendants' compliance with its own Health and Safety Plan and other governing law.

By this Order, the Court will enforce the status quo through upholding Constitutional safeguards. Irreparable harm will ensue if the safety of all in attendance in the school and the surrounding communities and families are not protected by the status quo requiring universal masking while Washington County is at a "high" level of infection from Covid-19.

Plaintiffs seek limited relief: for the Court to maintain the Status Quo of requiring universal masking as was directed by the Canon-McMillan School District in July 2021.

## PARTIES AND JURISDICTION

1. Plaintiffs are minors and their parents, who all reside in the Canon-McMillan School District.  Due to safety and privacy requirements, any identifying information about the names of the minor children and their parents are withheld in the filings.

2. The Plaintiff minors are students at the various schools in the Canon-McMillan School District.  The Plaintiff parents all live in the District with their children and are taxpayers.

3. Defendants are the Canon-McMillan School District, the Canon-McMillan School Board of Directors, CMSD School Superintendent Michael Daniels, Manuel Pihakis, Pete Moniodes, Darla Bowman-Monaco, Michael Caporizzo, Zeffie Carroll, Mark Dopudja, Joseph Zupancic, Mary Beth Kline, and Bernard Price, the latter nine sued in their individual capacity and as members of the Canon-McMillan School Board.

4. This Court has jurisdiction over this action to enjoin the Canon-McMillan School

District plans from action that violates the United States Constitution, as well as the Plaintiffs' civil Rights under 42 U.S.C. Section § 1983, under 28 U.S.C. §1331, §1343(a)(3).

## INJUNCTIVE RELIEF

5. As set forth above, Defendants have breached its legal obligations to Plaintiffs and all similarly situated students by significantly violating the Canon-McMillan Health and Safety Plan in place while acting outside its legal authority, without consideration of required information including reliance interests and facts and acting arbitrarily and capriciously.

6. Plaintiff and all similarly situated children at the Canon-McMillan School District has suffered and will continue to suffer immediate and irreparable harm unless Defendants follow their Health and Safety Plan and impose a universal masking policy. Plaintiffs are currently being harmed and continue to be irreparably harmed by these unlawful acts, including by suffering irreparable harm including exposure to present and existential threats to health and safety, threat of retribution and bullying, increased risk of serious bodily injury and/or death, and increased risk of lost instructional time.

7. No adequate remedy at law exists to redress Plaintiffs' injuries, since monetary damages will neither compensate for the harm nor compel Defendants to set aside its illegal rescission of the universal masking policy.

8. There is a substantial likelihood Plaintiffs will succeed on the merits.

9. The harm to Plaintiffs and all other students, teachers, staff and administration if injunctive relief is denied substantially outweighs the potential harm to Defendants as a result of the injunction. The balance of equities between the parties supports an injunction, as Plaintiffs stand to suffer immediate and severe harm, whereas Defendants stand to suffer no harm.

10. The public interest is best served by enjoining Defendant's unlawful and improper

conduct and protecting the *status quo* set in the Canon-McMillan Health and Safety Plan.

Therefore, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that said Motion is **GRANTED.**

IT IS ORDERED that Defendants shall enforce the status quo by implementing a universal masking policy. This Order shall remain in effect until further Order of this Court.

IT IS FURTHER ORDERED that Defendants, their agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, are ENJOINED from implementing or enforcing the rescission of the above-referenced universal masking policy and from taking any other action to rescind that policy that is not in compliance with applicable law.

IT IS FURTHER ORDERED that Defendants, or any one of them, are to show cause why a preliminary injunction should not issue.

IT IS FURTHER ORDERED that Plaintiffs shall serve discovery, including deposition notices, on Defendants on or before September 20, 2021.

IT IS FURTHER ORDERED that Defendants shall respond to any served discovery, including making themselves and their corporate representatives available for deposition on or before October 4, 2021.

IT IS FURTHER ORDERED that Defendants shall immediately notify the entire School District by all means possible that universal masking is required.

IT IS SO ORDERED.

                                                                   _____
THE HONORABLE MARILYN J. HORAN
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA