IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L.W., *a minor, by and through their parent, C.W.*, et al., | ) ) ) ) 2:21-cv-1136-NR ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | |
| v. | |
| CANON-MCMILLAN SCHOOL DISTRICT, et al., | |
| Defendants. | |

## MEMORANDUM ORDER

AND NOW, this **30th day of August, 2021**, having considered Plaintiffs' Motion for Temporary Restraining Order (ECF 2), the parties' briefs, and the evidence and argument submitted at the hearing on the motion, it is **HEREBY ORDERED** that Plaintiffs' motion is **DENIED**, for the reasons stated on the record at the hearing and as summarized below.

1. "TROs are ordinarily aimed at temporarily preserving the status quo. Under federal law TROs should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020) (cleaned up). Here, the Court finds that Plaintiffs' request for a TRO would disrupt, rather than preserve, the status quo. The parties agree that Defendants enacted a Health and Safety Plan in June 2021, which implemented optional masking. ECF 7-1. In August 2021, Defendants maintained that same policy, instructing that masks remained recommended but optional. ECF 7-4. Plaintiffs' requested relief now asks this Court to command Defendants to implement a mandatory masking policy—effectively changing Defendants' policy of optional masking. ECF 2; ECF 2-1. The Court concludes that Plaintiffs' requested TRO would

therefore improperly contravene a TRO's intended purpose of preserving the status quo.

2. Beyond that threshold defect, Plaintiffs also fail to meet the legal elements to obtain a TRO. "A party seeking a [TRO] must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the [TRO] is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted).

3. Plaintiffs have not shown a likelihood of success on the merits. They seek a TRO on the bases of their procedural due process and substantive due process claims. As to the former, Plaintiffs must first show that their asserted interest is encompassed within the Fourteenth Amendment's Due Process Clause, and that they were deprived of that interest. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"). In their complaint, Plaintiffs' asserted constitutionally protected interest is a "safe public school setting that is free to communicable and deadly diseases to the greatest extent possible." ECF 1, ¶ 117. Yet the Court has found no authority, and Plaintiffs point to none, showing that this is a recognized interest under the Due Process Clause. Indeed, during the hearing, Plaintiffs' counsel appeared to concede as much when he attempted to amend Plaintiffs' theory of the specific constitutionally protected interest at issue.

4. That is, in their TRO briefing and at the hearing, Plaintiffs seemed to newly assert that their constitutionally protected interest is their "entitlement to a public education." ECF 7, p. 15; *see also Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 149 (3d Cir. 2005); *Sch. Dist. of Wilkinsburg v. Wilkinsburg Educ. Ass'n*, 542 Pa. 335, 343 (1995); Pa. Const. Art. 3, § 14. Even assuming Plaintiffs properly alleged this interest, they have not shown, at least on the present record,

that Defendants have deprived them of it. Defendants have neither suspended nor excluded Plaintiffs from attending school, which is the more common scenario for asserting this type of claim. Nor have Plaintiffs presented evidence that the risk associated with COVID-19 to these particular minor students is so severe to be tantamount to a wholesale deprivation of the right to public education. Furthermore, even assuming Plaintiffs could establish the deprivation of a constitutionally protected interest, they would have to demonstrate that the process that Defendants employed to implement and review their Health and Safety Plan fell below constitutional standards. Based on the testimony and evidence at the hearing, the Court does not find that Plaintiffs met their burden. *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands.").[1]

5. As for Plaintiffs' substantive due process claim, Plaintiffs have likewise failed to show a likelihood of success on the merits. Plaintiffs rely on the state-created danger theory, alleging that Defendants, by creating certain health risks, have deprived Plaintiffs of their right to a public education. ECF 1, ¶¶ 126-127. But to prevail on the state-created danger theory, Plaintiffs must satisfy a four-part test: "(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for the plaintiff's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed." *Phillips v. County of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (citation omitted).

---

[1] Similarly, Plaintiffs' argument that Defendants acted arbitrarily and capriciously also fails, as the Court finds that the procedures described by Superintendent Daniels during the hearing to be reasonable under the circumstances.

Plaintiffs have not satisfied their burden as to at least two of the required four elements.

6.  First, the Court finds that the record does not reflect that Defendants acted with sufficient "deliberate indifference" to "shock the conscience," which is necessary for Plaintiffs to prevail. *See, e.g.*, *Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006); *Sanford v. Stiles*, 456 F.3d 298, 309 (3d Cir. 2006) (cleaned up).

7.  Second, Plaintiffs have not shown that Defendants undertook "*affirmative* acts which work to the plaintiffs' detriments in terms of exposure to danger." *Bright*, 443 F.3d at 282 (emphasis in original). The conduct of which Plaintiffs complain is, at bottom, ***inaction*** rather than action. That is, Plaintiffs complain that Defendants did ***not*** change the optional masking policy. This cannot be the basis for Plaintiffs' substantive due process claim. *See, e.g.*, *Phillips*, 515 F.3d at 236; *Morrow v. Balaski*, 719 F.3d 160, 178 (3d Cir. 2013).[2]

8.  Finally, while the Court need not address the remaining TRO factors, it also finds that Plaintiffs' requested TRO would cause harm to the non-movants and undermine the public interest. Defendants' mask policy was implemented by democratically elected local officials, who are accountable to their constituents. It is not the role of an unelected federal judge, in the absence of clear unlawful conduct, to determine the policies for the local school district, which is what Plaintiffs' requested TRO would require. *See Zebra v. Sch. Dist. of City of Pittsburgh*, 449 Pa. 432, 437 (1972) ("Courts are further restrained, when dealing with matters of school policy, by the long-established and salutary rule that the courts should not function as super school boards."). Because the record does not show a clear due process violation, the

---

[2] Because Plaintiffs have not shown a likelihood of success on the merits, the Court need not (and does not) address the second element for a TRO of irreparable harm. *See Donald J. Trump for President, Inc. v. Boockvar*, No. 20-966, 2020 WL 5407748, at *4 (W.D. Pa. Sept. 8, 2020) (cleaned up).

decision on the applicable masking policy in the local school district should remain with the democratically elected school board.

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge